IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARINA SIMONOFF, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 09 C 5017 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| ) | |
| KAPLAN, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Marina Simonoff claims that Kaplan, Inc. sent her an electronic mail that did not redact the expiration date of her credit card. Simonoff argues that Kaplan's act violates the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g), and purports to bring her claims on behalf of a nationwide class. Kaplan moves to transfer Simonoff's claims to the Southern District of New York.

Courts have the discretion to transfer a case to another forum where venue is proper, the transfer serves the interests of the parties and witnesses, and the transfer is in the interest of justice. 28 U.S.C. § 1404(a); *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1098 (7th Cir. 2008). Venue is proper in the Southern District of New York because Kaplan is subject to personal jurisdiction in that District and therefore resides in it. 28 U.S.C. §§ 1391(b),(c). The parties, however, dispute whether a transfer serves the interests of the parties and witness or the interest of justice.

The Court turns first to the private interests and looks to the plaintiff's choice in forum, the situs of material events, the ease of access to sources of proof, the convenience of the parties, and the convenience of the witnesses. *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908 (N.D. Ill. 2009).

1

Kaplan argues that the Court should give Simonoff's choice of forum no weight because she purports to bring these claims on behalf of a nationwide class. Simonoff, on the other hand, urges the Court to give her choice of forum the deference it would otherwise be given. A few courts in this District have concluded that a plaintiff's choice of forum is irrelevant in a putative nationwide class action where the chosen forum has no unique local interest in the action. *Boyd v. Snyder*, 44 F. Supp. 2d 966, 969 (N.D. Ill.1999); *Georgouses v. NaTec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997). However, the majority of courts in this District have concluded that a plaintiff's choice of forum in a class action should be discounted, but not disregarded. *See, e.g., Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d at 914; *Geourguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 857 (N.D. Ill. 2007); *Andrade v. Chase Home Finance, LLC*, No. 04 C 8229, 2005 WL 3436400, at * 5 (N.D. Ill. Dec. 12, 2005); *Morris v. American Bioscience, Inc.*, 03 C. 7525, 2004 WL 2496496, at * 2 (N.D. Ill. Nov. 3, 2004); *Roots P'Ship v. Lands' End, Inc.*, No. 90 C 1310, 1990 WL 186776, at * 3 (N.D. Ill. Nov. 14, 1990). In this case, Simonoff purports to bring a suit on behalf of a nationwide class. Thus, her choice is entitled to less deference than it would be if she were bringing suit to pursue a remedy only for her injury.

Moreover, where another forum has a stronger relationship to the dispute, the plaintiff's choice in forum is due even less deference. *Jaramillo*, 664 F. Supp. 2d at 914; *Geourguiev*, 526 F. Supp. 2d at 857. The cause of action did not arise in this District and, therefore, the nationwide-plaintiff class has no particular interest in the Northern District of Illinois as a convenient forum in which to litigate the claims of the class. On the other hand, Kaplan conducts its business in New York and so the Southern District of New York therefore has some interest in the affairs of its corporations. If Simonoff had wished the suit to remain in this District, she could have limited her class to citizens of Illinois or

2

even citizens of this Circuit. Because Simonoff purports to represent a nationwide class in pursuit of a claim that has no unique local interest, the Court finds that her choice in forum is due very little weight, if any.

The situs of material events favors transfer. In a FACTA dispute, the focus of a court's inquiry will be with respect to the defendant's conduct, not the plaintiff's. *Geourguiev*, 526 F. Supp. 2d at 858. Simonoff's conduct, other than receiving the receipt, will not matter. Instead, a court presiding over this matter will concern itself with what Kaplan and its agents did — in distributing the receipt to Simonoff and other customers, in updating and maintaining its cash-register and transactions software, in making decisions regarding its internet business. These events all occurred in the Southern District of New York, where Kaplan conducts its business, and not in the Northern District of Illinois.

The sources of proof are more likely to be found in New York, but that does not necessarily mean that New York is a more convenient forum. Documents and records are easily transportable (and, indeed, must be copied and delivered to the opponent no matter where the case will be litigated) and their location generally is not a persuasive reason for transfer. *Morton Grove Pharm., Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 525 F. Supp. 2d 1039, 1045-46 (N.D. Ill. 2009). Kaplan points to no voluminous documents or records that would be inordinantly difficult to transport and the Court finds that this factor militates neither for nor against transfer.

The convenience of the parties favors transfer. Here, Kaplan's corporate headquarters are in the Southern District of New York. Further, as noted earlier, the bulk of the Court's inquiry will focus upon Kaplan's acts. Thus, the majority of depositions will involve Kaplan's witnesses, who work in the Southern District of New York. It makes little sense to litigate a case in Illinois when virtually every material witness resides in New York, unless some other compelling reason motivates that decision.

3

While it is true that the named Plaintiff resides in this District, the Plaintiff purports to represent a nation-wide class, and there likely are prospective plaintiffs in each and every state. Should litigating this case in the Southern District of New York prove too inconvenient for the named Plaintiff, then another named plaintiff can be substituted for her. Counsel for the plaintiff class argues that a transfer would impose costs upon the class, because counsel would be required to attend depositions in New York. Courts, however, generally do not consider the expense to counsel in interviewing out-of-state witnesses. *Jaramillo*, 664 F. Supp. 2d at 915.

The interests of the witnesses also favor transfer. Kaplan submits an affidavit noting that its former Chief Technology Officer, who likely would have information about the e-mail confirmation receipts sent to the plaintiff class, resides in New York. Simonoff points to deposition testimony of both the Vice President of Web Technology and the former Chief Technology Officer to suggest that his testimony would not be needed. Though Kaplan cannot point to a certainty that this former employee will need to be deposed, he testified that he was involved in the decision-making process with regard to the e-mail confirmations that Kaplan provided to internet customers. Kaplan also points to a company with which it consulted. That company, based in New York, gave Kaplan recommendations and suggestions regarding the lay out of its order summary page. Thus, two non-party witnesses may have information that speaks to whether Kaplan "willfully" violated § 1681n.

The public factors and the interests of justice also suggest the Court should transfer this case. Neither district poses an advantage with regard to the speed at which the case will be resolved. This District, however, has no particular interest in resolving this dispute. The plaintiff-class is nationwide, so Illinois has no interest in the rights of its citizens. On the other hand, the Southern District of New York has a compelling interest in resolving this dispute. The citizens of New York have an interest in

ensuring that corporations that call it home are justly tried — neither allowed to scoff at the law nor punished without cause.

Given that the material events in this litigation occurred in New York, that the most salient witnesses work or reside in New York, and that New York has a compelling interest in this litigation, the balance of factors weighs heavily in favor of transfer. The only reason to litigate this action here would be because Simonoff chose this forum. As noted earlier, however, that choice is due very little weight. The Court finds that the Southern District of New York is clearly a more convenient forum and GRANTS Kaplan's Motion to Transfer to that District.

IT IS SO ORDERED.

3/17/10
Dated

Hon. William J. Hibbler
United States District Court

5